# EXHIBIT B

FILED
2/15/2019 11:36 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

Case 5:19-cv-00368-XR   Document 1-4   Filed 04/09/19   Page 2 of 7

W/ JD                    CIT PPS - SAC 3

CAUSE NO. **2019CI03108**

| | | |
|---|---|---|
| IRONWOOD BUILDING II, LTD and PRINCIPLE AUTO MANAGEMENT, LTD | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | __150th__ JUDICIAL DISTRICT |
| AXIS SURPLUS INSURANCE COMPANY | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, IRONWOOD BUILDING II, LTD and PRINCIPLE AUTO MANAGEMENT, LTD, who bring this suit for damages against Defendant, AXIS SURPLUS INSURANCE COMPANY, and respectfully show as follows:

### Discovery Control Plan

1. Plaintiffs intend discovery to be conducted under Level 3 of Tex.R.Civ.P. 190.

### Parties, Jurisdiction, and Venue

2. Plaintiff IRONWOOD BUILDING II, LTD is a Texas limited partnership that maintains its principal office in this state in Bexar County, Texas. Plaintiff PRINCIPLE AUTO MANAGEMENT, LTD is a Texas limited partnership that maintains its principal office in this state in Bexar County, Texas.

3. Defendant AXIS SURPLUS INSURANCE COMPANY ("Axis") is a foreign surplus lines insurance company that actively engages in the business of insurance in Texas. In the insurance policy at issue in this lawsuit, Axis has designated the Commissioner of Insurance as its agent for service in Texas. Accordingly, service upon Defendant may be

1

effected by serving two copies of the process and this Petition upon the Texas Commissioner of Insurance, Attn: Chief Clerk Office, 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104. Upon service, Plaintiffs request the Commissioner to forward the suit and process to Defendant at the address designated in the policy in question, Axis U.S. Insurance, Attn: Claims Administrator, 11680 Great Oaks Way, Suite 500, Alpharetta, Georgia 30022.

4. Plaintiffs seek damages within the jurisdictional limits of this court. Venue is proper because all or a substantial part of the events giving rise to Plaintiffs' cause of action occurred in Bexar County, Texas and because the insured property is located in this county.

5. Pursuant to Tex. R. Civ. P. 47, Plaintiffs plead that they seek monetary relief of over $1,000,000.

## Factual Background

6. Plaintiff Principle Auto Management, Ltd. is the holder of a "Commercial Property Coverage" insurance policy, policy number ECF795473-16, issued by Axis ("the Policy"). Plaintiff Ironwood Building II, Ltd. is a named insured under the policy. Among other things, the Policy insured a building owned by Plaintiff Ironwood Building II, Ltd and occupied by Plaintiff Principle Auto Management, Ltd., located at 153 Treeline Park, San Antonio, Texas (the "Building"), against damages resulting from any covered cause of loss. Plaintiffs faithfully and duly paid all premiums owed to Axis under the Policy.

7. On or about February 19, 2017, the Building suffered extensive damage to the roof and other components due to a tornado, including damage caused by water intrusion that resulted from the roof damage, all of which is a covered cause of loss under the Policy. Plaintiffs duly notified Axis of the damage sustained and requested that Axis pay for damages

to the Building and other damages covered by the terms of the Policy. Axis inspected the damage to the Building and accepted coverage, but refused to pay a sufficient amount to properly repair the roof and other damage caused by the tornado.

### First Cause of Action: Breach of Contract

8. As set forth above, there exists a valid, binding contract of insurance between Plaintiffs and Axis. Although Plaintiffs reasonably cooperated with Axis, and despite that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Axis has failed and refused to pay Plaintiffs the full benefits due under the Policy in question. As a result of this breach on the part of Axis, Plaintiffs have incurred significant damages, for which they now sue.

### Second Cause of Action: Breach of Duty of Good Faith and Fair Dealing

9. After Plaintiffs presented the claim at issue to Axis, the liability of Axis to pay the claim in full in accordance with the terms of the Policy was reasonably clear. The damage to the Building resulting from the tornado was at all times reasonably clear during Axis's claim investigation, such that any insurance carrier acting in good faith would have known to acknowledge and pay Plaintiffs' claim in full. However, Axis purposely failed to pay the claim in full and, instead, continued to make unreasonable and unwarranted demands for information and documentation relating to the claim, all in an attempt to delay payment of what was clearly due to Plaintiffs under the Policy.

10. Axis denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Axis knew, or should have known by the exercise of reasonable diligence, that its liability for the claims at issue was reasonably clear.

Axis's failure to adequately and reasonably investigate and evaluate Plaintiffs' claims constitutes a breach of the duty of good faith and fair dealing. As a result of this breach of the duty of good faith and fair dealing on the part of Axis, Plaintiffs have incurred damages in excess of the minimum jurisdictional limits of this court, for which they now sue.

### Third Cause of Action: Violation of Chapter 541, Subchapter B, Texas Insurance Code

11. The actions of Axis described above constitute a violation of Tex. Ins. Code § 541.060 in that Axis failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability had become reasonably clear. As a result of this violation, Plaintiffs have incurred damages in excess of the minimum jurisdictional limits of this Court, for which they now sue.

12. The actions of Axis described above were committed knowingly. Accordingly, pursuant to Tex. Ins. Code § 541.152(b), Plaintiffs are entitled to recover additional damages not to exceed three times their actual damages, for which they also sue.

### Fourth Cause of Action: Violation of Chapter 542, Subchapter B, of Texas Insurance Code

13. As set forth above, Plaintiffs duly notified Axis of the claim at issue in this lawsuit. Axis timely acknowledged receipt of the claims, but failed to pay the claims in full within the timeframes set forth in Subchapter B of Chapter 542 of the Texas Insurance Code. As a result of Axis's failure to timely pay the claims, Plaintiffs are entitled to recover the amount of the claims, interest on the claims at the rates specified in Chapters 542 and 542A of the Texas Insurance Code, and reasonable attorney's fees, for which they now sue.

### Claim for Attorney's Fees

14. Plaintiffs seek an award of the attorney's fees incurred in the prosecution of this suit, including fees for any appeal.

### Conditions Precedent

15. All conditions precedent to Plaintiffs' recovery have occurred or have been performed. To the extent Plaintiffs' previous written demands to Defendant are not sufficient to satisfy the requirement of giving written notice under Chapters 541, 542 or 542A of the Texas Insurance Code, which is denied, the giving of additional notice is impracticable because this action must be filed to prevent potential statutes of limitations from expiring.

### Jury Demand

16. Plaintiffs demand trial by jury and hereby tender the appropriate fee.

### Request for Disclosure

17. NOTICE TO DEFENDANT: "Pursuant to Tex.R.Civ.P. 194, you are requested to disclose, within thirty days (30) of service of this request, the information or material described in Tex.R.Civ.P. 194.2."

### Prayer

WHEREFORE, Plaintiffs pray that Defendant be cited and appear herein, for an early trial by jury, and upon trial, judgment for the following:

(a) actual and additional damages in an amount to be determined by the jury;

(b) pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) attorney's fees and costs of court; and,

(d)     general relief.

                                          Respectfully submitted,

                                          BAYNE, SNELL & KRAUSE
                                          1250 N.E. Loop 410, Suite 725
                                          San Antonio, Texas   78209
                                          Telephone: (210) 824-3278
                                          Telecopier: (210) 824-3937
                                          Email: dsnell@bsklaw.com

                                By:     *David C. "Clay" Snell*
                                          David C. "Clay" Snell
                                          State Bar No. 24011309
                                          *ATTORNEY FOR PLAINTIFFS*